## Harrison's Adm'x v. Heath.

May 18, 1948.

Albert Karnes and F. L. Pearl for appellant.

L. B. Alexander for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming.

This is a suit by appellant, Rosa Harrison, plaintiff below, as administratrix of the estate of her deceased husband, Brady Harrison, against appellee, Wells Heath, defendant below, in which she seeks a settle-

ment of the partnership which she alleges existed between Heath and Harrison for two years prior to the latter's death on July 9, 1939. The petition alleges in substance that during that two year period Heath and Harrison were engaged as partners in buying, cutting, hauling, peeling and selling large quantities of piling timber; that Harrison furnished his experience and work and Heath furnished the necessary money for operation of the business; that the partnership was profitable and earned several thousand dollars of net profit, the exact amount not known to the plaintiff but known to the defendant; that no part of this profit was turned over to the estate of the deceased partner and that defendant, Heath, is indebted to the estate of the deceased, Harrison, in the sum of several thousand dollars, no part of which has been paid. She prays for a settlement of the partnership business and that one half of the net profits be paid to her as administratrix of the estate of her deceased husband. Defendant, Heath, filed his answer denying each and every allegation of the petition thus making up the issues. The case was submitted on proof taken by depositions and on June 20, 1947, the Chancellor entered a judgment dismissing plaintiff's petition, adjudging that she take nothing by reason of this litigation. From that judgment, this appeal is prosecuted.

In her effort to establish the existence of the partnership between Harrison and Heath, plaintiff, in addition to her own testimony, introduced several other witnesses who had worked with Harrison during the two years of the supposed partnership, and also introduced the representative of a Chicago firm which had made extensive purchases of piling during the period of the supposed partnership. We have carefully examined all of this testimony and in our opinion it fails to connect up or show in any way, except by mere speculation and guesswork, the existence of any partnership between Heath and Harrison. Plaintiff apparently knew little about her husband's affairs and most of her own testimony was incompetent. It was based largely on hearsay, on things her husband had told her or on little scraps of conversation between her husband and others. The testimony of the representative of the Chicago firm was that all the drafts issued by the firm in payment

of pilings were made to the defendant, Wells Heath; that all his transactions were with Heath and none with Harrison; that he knew of no business arrangements between Harrison and Heath. Other testimony offered by plaintiff was entirely consistent with the contention of the defense that Harrison was a mere employee of Heath and none of it tended to show that there was any partnership between them.

For the defense Wells Heath testified positively that Harrison was not his partner in any of his operations; that he was a mere employee and was paid regularly all the salary due him; that Harrison sometimes acted as his foreman because he was experienced in the timber and piling business; that he was a good workman when sober but was addicted to drink and met his death when he fell from a truck while drunk. Other testimony was introduced by defendant to show that Brady Harrison was just another employee of Heath, was paid off at week-ends, as were other employees, and that there was no partnership arrangement between Heath and Harrison.

The only question of law raised in the case by appellant concerns the testimony of the defendant, Heath, taken as if on cross examination. At first the Chancellor by verbal order directed the attorneys to prepare and try the case solely on the question of whether there was a partnership between Heath and Harrison. In an effort to establish this partnership, plaintiff sought to take the deposition of the defendant, Heath, as if on cross examination. On the advice of his counsel he declined to answer the questions asked on the ground that the testimony was incompetent and the matter was certified to the court. Apparently this was never pressed and the court never ruled on the competency of the questions asked Heath on his cross examination. Plaintiff, therefore, waived her rights as to the cross examination of the defendant by her failure to obtain a ruling of the court on her certification. Appellant in her brief now contends that the willful failure of the defendant to disclose facts peculiarly within his knowledge concerning transactions with a person now dead, when given an opportunity to do so, weighs heavily against him. They cited in support of this Guthrie v. Foster, 256 Ky. 753, 76 S. W. 2d 927, and Cochran v. Cochran, 273 Ky. 1,

466

115 S. W. 2d 376. The difference between those cases and the case at bar is that in neither of these two cases did the defendant later testify and submit himself to cross examination, as was true in the present case. When the Chancellor by written order directed the parties to prepare and try all questions involved, not just the question of whether or not there was a partnership as he had previously verbally ordered, defendant, Heath, then testified in his own behalf and was subjected to cross examination by plaintiff's attorney. Certainly this accomplished everything that could have been accomplished in the first deposition sought to be taken as if on cross examination.

After a careful examination of the whole case we are of the opinion that the plaintiff wholly failed to make out her case and that she did not establish that there was any partnership existing between Brady Harrison and Wells Heath during the period alleged in her petition and, therefore, there are no partnership accounts to settle; that even if this were not true the whole question of the existence of the partnership and all questions involved were submitted to the Chancellor at the conclusion of all proof and even if his decision raised no more than a doubt in our minds as to its correctness, we would uphold his decision in accordance with our usual rule in such cases. However, we believe the Chancellor correctly decided the questions involved and, therefore, his judgment dismissing plaintiff's petition is sustained.

Judgment affirmed.